FILED
SEP 1 2 2014

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| LORI PETERSON,<br><br>Plaintiff,<br><br>vs.<br><br>THE TRAVELERS INDEMNITY COMPANY, THE PHOENIX INSURANCE COMPANY, THE CHARTER OAK FIRE INSURANCE COMPANY, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, THE TRAVELERS INDEMNITY COMPANY OF AMERICA, AND TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, ALL D/B/A "TRAVELERS"<br><br>Defendants. | CIV. 14–4145<br><br><br>**COMPLAINT<br>AND DEMAND<br>FOR JURY TRIAL** |

Comes now the Plaintiff, and for her causes of action states:

**Nature of the Action**

Lori Peterson was severely and permanently injured in an automobile accident on or about September 22, 2008, in Minnehaha County, South Dakota. She brings this diversity suit against various entities constituting Travelers Insurance to declare her rights under an insurance policy and recover benefits thereunder; and to recover general and special damages, and punitive damages for claims including bad faith,

1

unfair trade practices, breach of contract, fraud, and statutory attorney's fees.

## Parties & Venue

1. Plaintiff, Lori Peterson, is a resident and citizen South Dakota.

2. The Travelers Indemnity Company, The Phoenix Insurance Company, The Charter Oak Fire Insurance Company, Travelers Property Casualty Company of America, The Travelers Indemnity Company of Connecticut, The Travelers Indemnity Company of America, and Travelers Casualty Insurance Company of America, are foreign corporations with principal places of business outside of South Dakota. All Defendants use the trade name "Travelers."

3. The Defendants (hereafter, "Travelers") are foreign insurance companies authorized by the South Dakota Division of Insurance to do business in this State, and have appointed the Director of the Division of Insurance as their attorney to receive legal process issued against them in South Dakota.

## Jurisdiction and Venue

4. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C § 1332 based upon diversity of the parties.

5. Complete diversity exists between the Plaintiff and Defendants.

6. The amount in controversy exceeds $75,000.

7. A substantial part of the events or omissions giving rise to this action occurred in South Dakota. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) or (3).

**Factual Background**

8. On or about September 22, 2008, Laura Dziadek was the driver of a loaner vehicle (a 2006 Chrysler PT Cruiser) on a trip which began that day near Custer, South Dakota.

9. The loaner vehicle was registered to "Billion Motors", a trade name owned by Billion Empire Motors, Inc., d/b/a Billion Chrysler-Jeep-Mazda.

10. That vehicle was involved in an accident on or about September 22, 2008, and which caused bodily injury to Lori.

11. The passenger of the vehicle, Laura Dziadek, alleged that the accident was caused in whole or in part by Lori Peterson's negligence, and further alleged damages in excess of $1 million.

12. All other parties have denied liability for the accident.

13. Lori Peterson had primary coverage for this accident in the amount of $100,000 through a policy issued by Progressive Northern Insurance Company.

14. The vehicle in the accident was insured by Travelers, which issued a commercial liability insurance policy to Billion and its affiliates,

3

bearing policy number GA-4049M260-08-CAG with an effective policy period of July 1, 2008, to July 1, 2009 ("the Policy").

15. Each and all Defendants agreed to provide the insurance afforded by the Policy; each and all Defendants agreed to provide that insurance through The Charter Oak Fire Insurance Company; and each and all Defendants executed the Policy.

### Count 1.
### Breach of Contract

16. The paragraphs above are realleged herein.

17. Lori Peterson is an insured under the Policy.

18. The Policy, in part, includes an Auto Medical Payments Coverage endorsement, identified as form CA 99 03 03 06, attached as Exhibit 3.

19. The limits of coverage under this endorsement are $5,000.

20. Coverage is available "to or for an 'insured' who sustains 'bodily injury' caused by an 'accident'...[provided that]...expenses [are] incurred for services rendered within three years from the date of the 'accident'."

21. An "insured" is "anyone else [other than the Named Insured] 'occupying' a covered 'auto'...."

22. Under this endorsement, "occupying" means "in, upon, getting in, on, or out of."

23. At the time Lori was injured, she was "in" and "occupying" the 2006 PT Cruiser.

24. Under this endorsement, the phrase "covered 'auto'" is not defined. However, this endorsement indicates that the provisions of the Garage Coverage Form apply unless modified by this endorsement.

25. A "covered 'auto'" under the Garage Coverage Form includes the autos referenced by "Covered Auto Symbol 22", which is defined on CA T0 30 as "only those 'autos' you own."

26. "You" means "the Named Insured shown in the Declarations."

27. On the date of the accident, the PT Cruiser was owned by Billion Empire Motors, Inc., which is one of the Named Insureds shown in the Declarations.

28. Within three years of the accident, Lori sustained bodily injury caused by the accident, and incurred reasonable medical expenses in excess of $5,000 to treat those injuries.

29. No exclusions or limitations apply in the endorsement or elsewhere in the Policy as to this coverage.

30. Lori Peterson, therefore, is an "insured" under the Auto Medical Payments Coverage because she was occupying a covered auto at the time she received her injuries, and she incurred medical bills for those injuries within three years of the accident.

31. Travelers has refused or failed to pay or provide benefits as required under the policy, and has refused or failed to honor its duties under the policy, and such refusals or failures constitute a breach of the insurance contract.

32. Lori has been damaged thereby.

## Count 2.
## Bad Faith

33. The paragraphs above are realleged herein.

34. Travelers failed to properly and promptly investigate, communicate coverage, pay the amounts due, or provide benefits per the Policy.

35. These and other such acts and omissions breached Travelers' duty of good faith it owed to Lori under the Policy.

36. Lori has been damaged thereby.

## Count 3.
## Unfair Trade Practices

37. The paragraphs above are realleged herein.

38. Travelers' conduct, including the foregoing, amounts to unfair and/or deceptive acts or practices in the business of insurance as proscribed by SDCL 58-33-5.

39. Lori is entitled to recover all her actual and consequential damages as a result of Travelers unlawful acts or practices, as provided by SDCL 58-33-46.1.

40. Included in that calculation of damages are her reasonable attorney fees to be set by the court, also provided by SDCL 58-33-46.1.

### Count 4.
### Fraud

41. The paragraphs above are realleged herein.

42. In January or February 2009, Travelers began investigating the Accident.

43. Shortly after commencing its investigation, Travelers, by and through Technical Specialist Faith Styles, stationed in Naperville, Illinois, advised Lori in South Dakota that she was not an insured under the Policy.

44. Travelers had knowledge of or recklessly disregarded the lack of a reasonable basis for its misstatement that Lori was not an insured under the policy.

45. Travelers owes Lori the legal duty which is due from every man to his fellow, to respect her rights of property and refrain from invading them by fraud.

46. Travelers breached that common law duty, and/or those statements made by Travelers constituted statutory deceit under SDCL 20-10-1 and SDCL 20-10-2(1)-(3).

7

47. The actions and statements of Travelers were conducted by and ratified by all of its various companies acting in concert with each other.

48. Those statements and omissions were material and important to Lori; Lori relied on them; and conducted her affairs believing Travelers' statements to be true.

49. Travelers knew that Lori would rely upon those statements.

50. Travelers acted recklessly or intentionally in making those misstatements.

51. Lori was damaged as a result.

## Count 5.
## Attorney's Fees under SDCL 58-12-3.

52. The paragraphs above are realleged herein.

53. Travelers has failed to pay the full amount of Lori's loss.

54. Such refusal to pay is without reasonable cause, and/or such refusal to pay is vexatious.

55. Lori is entitled to a reasonable sum for her attorney's fees to be recovered and collected as part of the costs, pursuant to SDCL 58-12-3.

## Punitive Damages

56. The paragraphs above are realleged herein.

57. Travelers is guilty of oppression, fraud, actual malice, and/or presumed malice.

58. Traveler acted intentionally or with willful and wanton misconduct, and in disregard for the rights of others.

59. Lori is entitled to punitive damages to punish Travelers and for the sake of example.

## Prayer for Relief

Lori requests that this Court:

A. Enter a Judgment finding and declaring that Lori Peterson is an "insured" of the Defendants under policy GA-4049M260-08-CAG.

B. Enter a money judgment for coverage available.

C. Enter a judgment in favor of Lori Peterson for money damages, including both actual and consequential compensatory damages, and punitive damages.

D. Award Lori Peterson her costs and disbursements herein.

E. Award Lori Peterson her reasonable attorney's fees under SDCL 58-33-46.1.

F. Award Lori Peterson her attorney's fees under SDCL 58-12-13

G. Provide such other further relief as the Court deems just and equitable.

Dated this /2ᵗʰ day of September, 2014.

_____
Daniel K. Brendtro
ZIMMER, DUNCAN AND COLE, L.L.P.
Attorneys for Plaintiff
5000 S. Broadband Lane, Suite 119
Sioux Falls, SD 57108
(605) 361-9840
Daniel@zdclaw.com
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues.

Dated this /2ᵗʰ day of September, 2014.

_____
Daniel K. Brendtro