UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LORI PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. No.  14-4145 |
| | ) | |
| vs. | ) | |
| | ) | |
| THE TRAVELERS INDEMNITY COMPANY, THE PHOENIX INSURANCE COMPANY, THE CHARTER OAK FIRE INSURANCE COMPANY, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, THE TRAVELERS INDEMNITY COMPANY OF AMERICA, and TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, ALL D/B/A "TRAVELERS" | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants[1] respectfully submit Plaintiff has failed to state any claims which are plausible on their face, even if the facts alleged in the Complaint are assumed to be true. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  In particular, it is undisputed that Plaintiff did not make a claim for Auto Medical Payments coverage prior to filing her

---

[1] The Travelers Indemnity Company, The Phoenix Insurance Company, The Charter Oak Fire Insurance Company, Travelers Property Casualty Company of America, The Travelers Indemnity Company of Connecticut, The Travelers Indemnity Company of America, and Travelers Casualty Insurance Company of America (collectively "Defendants").

lawsuit. Because no claim was made, Plaintiff has failed to comply with clear and unambiguous contractual conditions precedent to obtaining coverage and to the filing of a lawsuit seeking coverage and extra-contractual damages. Because Plaintiff has not complied with the contract, all claims alleged in the Complaint fail and must be dismissed.

Plaintiff's failure to make a claim also mandates denial of her cross motion for partial summary judgment. Plaintiff cannot obtain a declaration that Auto Medical Payments coverage exists without having made a claim for declaratory relief. *See* Complaint (Dck't 1). And, she cannot obtain partial summary judgment on her breach of contract claim when it is undisputed that she never made such a claim. Likewise, Plaintiff cannot obtain partial summary judgment by claiming the Billion Policy is ambiguous as to whether it provides Auto Medical Payments Coverage. If true, an ambiguity would be a fact question as to the mutual intent of the contracting parties, Billion and Charter Oak. That fact question would require denial of Plaintiff's motion for partial summary judgment. And, of course, that argument is a red herring given Plaintiff's admitted failure to make a claim in the first instance, which is a condition precedent to obtaining coverage or the filing of a lawsuit seeking coverage. For all these reasons, her motion for partial summary judgment must be dismissed.

## BACKGROUND

Charter Oak Fire Insurance Company ("Charter Oak") issued Commercial Insurance Policy No. GA-4049M260-08-CAG to Billion Empire Motors, Inc. ("Billion") for the period July 1, 2008 to July 1, 2009 (the "Billion Policy"). *See* Affidavit of

Michael R. Cashman ("Cashman Aff.") at Ex. 1.[2]  Plaintiff is not a named insured under the Billion Policy, and did not pay any premium to Charter Oak for insurance coverage under the Billion Policy.  *See* Statement of Material Facts ("SOMF") ¶ 20; Ex. 1.  Most importantly, Plaintiff, *by her own admission*, never provided a notice of a claim *or* made a claim for any insurance benefits under the Billion Policy before filing her Complaint in this case.  *See* Dck't 1 (Complaint) and Pltfs. Opp. Mem. (Dck't 22) at 19-22.  Nonetheless, Plaintiff asserts claims arising out of the Billion Policy for breach of contract, bad faith, unfair trade practices, fraud, attorney's fees and punitive damages against Charter Oak, as well as a number of other entities who had no contractual relationship with Billion.  Dck't 1.

Because Plaintiff never made any claims for insurance benefits, all of the counts alleged in her Complaint fail as a matter of law.  *See* Defendants' Memorandum in Support of Defendants' Motion to Dismiss Plaintiff's Complaint and All Claims Therein with Prejudice at Dck't 14-1("Mtn. to Dismiss Mem.") at 15-18. The submission of a claim is a strict contractual condition precedent to (a) obtaining coverage under the Billion Policy or (b) to "bring a legal action" under the Billion Policy.  *See* SOMF ¶ 4, 11-16; Ex. 1 at BP00037.  In the absence of a claim, Defendants do not have an affirmative obligation to search for third parties who may be entitled to benefits under the Billion Policy.  *See* Mtn. to Dismiss Mem. at 14-15.  The imposition of such a duty would be absurd, and contrary to the plain terms and conditions of the Billion Policy and

---

[2] "Ex. 1" is a "complete" copy of the Billion Policy and it is attached to the Affidavit of Michael R. Cashman, which is being filed concurrently with this Memorandum.

contrary to law.[3]  *Id.* at 10-14.  Plaintiff has cited no authority purporting to impose such a duty.

For the reasons set forth below, Defendants respectfully request that their motion to dismiss be granted and that Plaintiff's motion for partial summary judgment be denied.

## DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED

**A.     Plaintiff Does Not Dispute Her Failure To Provide Notice of A Claim, Which Requires Dismissal Of All Counts Alleged In The Complaint.**

Section V.A.3.a. of the Billion Policy states:

> No one may bring a legal action against us under this [Garage] Coverage Form until [t]here has been full compliance with all the terms of this Coverage Form.

Ex. 1 at BP00037.

Moreover, section V.A.2 of Garage Coverage Form in the Billion Policy requires that a claimant provide notice and make a claim for insurance benefits supported by the proof necessary to show entitlement to coverage under the policy language applicable to Auto Medical Payments Coverage. *Id.*; SOMF ¶¶ 4, 11-16; Affidavit of Brian Koerner ("Koerner Aff.") ¶¶ 12-19.  Both South Dakota and the Eighth Circuit interpret similar provisions as creating strict conditions precedent before an insurer can initiate a lawsuit under the Billion Policy.  *See Kimbrell v. Union Standard Ins. Co.*, 207 F.3d 535, 537 (8th Cir. 2000) (holding that the insured's submission of notice of a claim to insurer was a strict "condition[] precedent to recovery" under the policy); *Wolff v. Royal Ins. Co. of*

---

[3] At a minimum, the Complaint must be dismissed without prejudice until Plaintiff submits a claim for coverage under the Billion Policy.  If that claim is denied, only then would Plaintiff be permitted to "bring a legal action" under the Billion Policy.  *See* Ex. 1, Loss Conditions at BP 00037.

*Am.*, 472 N.W.2d 233, 237 (S.D. 1991) (because the insured "failed to provide sufficient notice as required under the insurance policy, [the insurer] had no obligation to undertake [insured's] legal defense in the district court action").

Plaintiff admits that she did not submit a claim. *See* SOMF ¶ 17-18; Complaint (Dck't 1). She instead argues that a claim does not have to be made—for coverage or before filing a suit. *See* Pltfs. Opp. Mem. (Dck't 22) at 19-22. Indeed, Plaintiff apparently contends she can pursue this lawsuit even though a claim has not been denied. *Id.* Plaintiff also argues that the notice of claim requirement does not bar her lawsuit because Billion provided a notice of loss. *See id.* at 20. But, a notice of loss is not a claim. *See* SOMF ¶ 14. Those arguments fail for two simple reasons.

*First*, Plaintiff incorrectly assumes that insurance coverage is automatic if the insurer has knowledge of an accident, even if a claim is never filed. That is a preposterous assertion, and Plaintiff cites no authority for it. Auto Medical Payments coverage is not automatic under the Billion Policy. Rather, the existence, absence, timing and amount of any insurance coverage is determined by the terms and condition of the contract. For example, the Loss Conditions in the Garage Coverage Form unequivocally require a claimant to, *inter alia*, provide notice of an accident or loss, cooperate with the insurer's investigation of the accident or loss, and to provide certain information so the insurer can determine whether and how much insurance coverage exists. Ex. 1 at BP00037; SOMF ¶¶ 12-14; Koerner Aff. ¶¶ 13-16. The obligation to make a claim and provide evidence of entitlement in cooperation with the insurer is fundamental. The Billion Policy does not impose an obligation on Charter Oak to search out all unnamed,

5

non-premium paying claimants whenever a loss or accident occurs. It instead requires the claimant to submit a claim for insurance benefits, which then enables Charter Oak to investigate for the purpose of determining whether any insurance coverage exists, and if so, how much. *See* SOMF ¶ 14; Koerner Aff. ¶¶ 16-17.

*Second*, even if the conditions precedent in the Billion Policy could be satisfied by a mere notice of loss from Billion—as Plaintiff argues—it is undisputed that Billion never *made a claim* for Auto Medical Payments coverage on behalf of Plaintiff or anyone else. Indeed, there is no evidence in the record that Billion made any liability claims whatsoever.

Because no claim was made, no claim was denied. Without a claim denial, Plaintiff's breach of contract claim and her extra-contractual claims (all of which are obviously predicated on an alleged breach of contract that could not have occurred in the absence of a claim submission and claim denial) fail as a matter of basic contract law. Plaintiff cannot establish the basic prerequisite for pursuing any of the claims alleged in her complaint:

- Count 1 (Breach of Contract) fails because there was no claim denial, a fundamental prerequisite for a breach of contract claim. *See, e.g., Stanton v. State Farm Fire & Cas. Co.*, 169 F. Supp. 2d 1109, 1115 (D.S.D. 2001).

- Count 2 (Bad Faith) fails because there must a breach of contract, which could not have occurred when there has been no claim denial. *E.g., Zuke v. Presentation Sisters, Inc.*, 589 N.W.2d 925, 930 (S.D. 1991); *Jordan v. Union Ins. Co.*, 771 F. Supp. 1031, 1033 (D.S.D. 1991).

- Counts 3 and 4 (Unfair Trade Practices and Fraud) fail because these claims are predicated on the presentation and denial of claim, neither of which occurred. *See supra*.

- Count 5 (Attorney's Fees) also fails because "attorney's fees can only be recovered in the contractual claim against the insurance company on a policy of insurance." *Isaac v. State Farm Mut. Auto. Ins. Co.*, 522 N.W.2d 752, 763 (S.D. 1994).

- Count 6 (Punitive Damages) fails because punitive damages is not an independent cause of action under South Dakota law but rather, is predicated on a bad faith denial of a claim, which could not have occurred when a claim was not presented or denied. *Schaffer v. Edward D. Jones & Co.*, 521 N.W.2d 921, 928 (S.D.1994).

**B.     Plaintiff Does Not Dispute That Defendants Never Denied Plaintiff Any Benefits Under the Billion Policy—An Essential Element of a Bad Faith Claim.**

Bad faith is an *intentional* tort. *E.g., Hein v. Acuity,* 731 N.W.2d 231, 235 (S.D. 2007). And it requires an *intentional* act—*i.e.*, that the insured "consciously" engaged in wrongdoing. *Id.* One of the few cases cited in Plaintiff's memorandum— *Lewison v. W. Nat. Mut. Ins. Co.*, No. CIV. 13-4031-KES, 2014 WL 3573403, at *5 (D.S.D. July 21, 2014)—is in accord:

> First-party bad faith is an intentional tort and occurs when an insurance company *consciously* engages in wrongdoing during its processing or paying of policy benefits.

(Emphasis added).

Here, none of the Defendants were ever notified that Plaintiff had asserted—or even intended to assert—a claim for Auto Medical Payments coverage under the Billion Policy. It therefore defies logic that Defendants could *consciously* engage in an *intentional* wrong with respect to a claim that was never made. Thus, as a matter of law, Plaintiff cannot sustain an intentional act sufficient to state a claim for bad faith.

**C.     Plaintiff's Fraud Claim Is Based Upon One Conclusory Allegation And, In Any Event, Fails as Matter of Law Because Plaintiff Did Not Provide Notice Of A Claim.**

Plaintiff bases her fraud claim on one conclusory allegation:

> Travelers, by and through Technical Specialist Faith Styles, stationed in Naperville, Illinois, advised [Plaintiff] in South Dakota that she was not an insured under the Policy.

Compl. (Dck't 1) at ¶ 43. This conclusory allegation does not meet the "particularity" standard under Fed.R.Civ.P. 9(b) because conclusory allegations are not sufficient to satisfy the particularity standard. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002). Plaintiff also fails to allege "what was obtained or given up" by this alleged statement. *See Broin & Associates, Inc. v. Genencor Int'l, Inc.*, 232 F.R.D. 335, 340 (D.S.D. 2005). Further, Plaintiff does not allege which of the Defendant entities, if any, allegedly made this representation. *See* Mtn. to Dismiss Mem. at 19-20.

Regardless of whether Plaintiff pled fraud with particularity (which she did not), all extra-contractual claims arising out of the Billion Policy, including Plaintiff's fraud claim, fail as a matter of law because Plaintiff did not submit a claim to Charter Oak prior to initiating this lawsuit—nor did she satisfy any of the other the Loss Conditions under the Billion Policy. *See supra.* The Billion Policy provides that "No one may bring a legal action against [Charter Oak] under [the Garage] Coverage Form until [] there has been **full compliance with all terms** of [the Garage] Coverage Form . . .." Ex. 1 at BP 00037 (emphasis added). Each of Plaintiff's claims, including her fraud claim, arise under the Garage "Coverage Form" and, therefore, must be dismissed.

8

**D.     To The Extent Plaintiff Can State A Viable Claim, Plaintiff is Limited to Pursuing Charter Oak.**

Charter Oak is the only entity that issued an insurance policy to Billion. SMOF ¶¶ 6-10; Koerner Aff. ¶¶ 9-11. Thus, because each of Plaintiff's claims is premised on the existence of Auto Medical Payments coverage under the Billion Policy, she has no basis for pursuing relief from any Defendant other than Charter Oak. Plaintiff has therefore failed to allege—indeed, cannot allege—any facts upon which relief could be granted against The Travelers Indemnity Company, The Phoenix Insurance Company, Travelers Property and Casualty Company of America, the Travelers Indemnity Company of Connecticut, the Travelers Indemnity Company of America or Travelers Casualty Insurance Company of America. All claims against those Defendants fail as a matter of law and must be dismissed.

Plaintiff tries to avoid this obvious and common sense conclusion by taking out of context language in the Common Policy Conditions which simply states that "The companies listed below (each a stock company) have executed this policy, and [it] is countersigned by the officers listed below." Pltfs. Opp. Mem. (Dck't 22) at 25; *see* Ex. 1 at BP 00005. That language, however, DOES NOT say that each or all of these companies *will provide the insurance coverages* set forth in the policy. To the contrary, the Common Policy Conditions state:

> In return for payment of the premium, *we* agree with the Named Insured to provide the insurance afforded by the coverage Part forming part of this policy. *That insurance will be provided by the company indicated as the insuring company in the Common Policy Declarations by the abbreviation of its name opposite that Coverage Part.*

Ex. 1 at BP00005.

Plaintiff contends that there is "no explanation for the word[] 'we' " in the above-quoted clause.  *See* Pltfs. Opp. Mem. (Dck't 22) at 25.  Plaintiff is wrong.  The Billion Policy specifically states as follows:

> Various provisions in this policy restrict coverage.  Read the entire policy carefully to determine the rights, duties and what is and is not covered.
>
> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations.  *The words "we", "us" and "our" refer to the Company providing this insurance.*

Ex. 1 at BP 00025 (emphasis added).  Charter Oak is therefore the only "Company providing this insurance."  Indeed, Charter Oak is the only "Insuring Company" listed on the Common Policy Declarations page.  Ex. 1 at BP00002.

Thus, the Billion Policy clearly provides that Charter Oak alone provided the insurance.  Ex. 1 at BP0002 & BP 00009; SOMF ¶¶ 2, 6-10; Koerner Aff. ¶¶ 9-11.  The contract—including the Common Policy Conditions that Plaintiff cites—is crystal clear that Charter Oak and Billion were the only contracting parties.  Consequently, all of Plaintiff's claims against the Defendants other than Charter Oak must be dismissed as a matter of law.

**E.     Plaintiff Has Not And Cannot Meet The Jurisdictional Amount In Controversy Requirement.**

Plaintiff relies entirely on her allegations in the Complaint to satisfy the amount in controversy requirement.  *See* Pltfs. Opp. Mem. (Dck't 22) at 26.  But "[n]o presumptive truthfulness attaches to the plaintiff's allegations" when evaluating whether jurisdiction exists.  *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000), abrogated on other

grounds.  Because plaintiff has failed to prove that punitive damages and *awardable* attorney's fees may equal or exceed $70,001 (Plaintiff only seeks $5,000 in insurance coverage), Plaintiff's Complaint should be dismissed for lack of jurisdiction.  *Id.*

Indeed, while Plaintiff references other cases where punitive damages may have been awarded, Plaintiff fails to address the fact that the Complaint does not sufficiently allege malice—an essential element for punitive damages in South Dakota.  *Bierle v. Liberty Mut. Ins. Co.*, 792 F. Supp. 687, 691 (D.S.D. 1992).  Plaintiff's vague and conclusory allegations of malice in the Complaint do not support a finding of punitive damages sufficient to meet the amount in controversy.

Plaintiffs' reliance on attorney's fees is also misplaced.  Among other factors, the Court considers "the amount involved and the results obtained" when calculating awardable attorney's fees.  *Hinkle v. Christensen*, 548 F. Supp. 630, 632 (D.S.D. 1982).  Here, Plaintiff's maximum recovery under the Billion Policy is $5,000.  Plaintiff's *awardable* attorney's fees are proportional to the amount involved—*i.e.*, $5,000.  A $70,000 attorney fee award—or an award of $20,000, for that matter—is excessive and not supportable under the circumstances.

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT MUST BE REJECTED BECAUSE IT IS UNDISPUTED SHE HAS NEVER MADE A CLAIM PRIOR TO FILING SUIT

Plaintiff moves for partial summary judgment on two separate bases: (1) Plaintiff is not required to make a claim for insurance benefits under the Billion Policy; and (2) that the Billion Policy provides Auto Medical Payments coverage to Plaintiff.  *See* Dck't 19.  Plaintiff's motion for summary judgment should be denied as to both bases.

*First*, making a claim for coverage is strict condition precedent to obtaining coverage under the Billion Policy and also to the filing of a lawsuit seeking coverage. *See supra.* Plaintiff has not satisfied this condition. Her motion for partial summary judgment on coverage fails as a matter of basic contract law, given the absence of a claim or claim denial. *See supra.*

*Second*, Plaintiff's ambiguity argument does not entitle her to a summary judgment ruling that she is entitled to Auto Medical Payments coverage. This argument is a non-sequitor, since any alleged ambiguity does not circumvent the contractual obligation to make a claim as a condition precedent to obtaining coverage or the filing of this lawsuit. Moreover, the existence of any alleged ambiguity would merely create a question of fact as to the mutual intent of Billion and Charter Oak. *See N. River Ins. Co. v. Golden Rule Const., Inc.*, 296 N.W.2d 910, 912 (S.D. 1980) ("when there is an ambiguous contract, evidence must be introduced to determine what the intentions of the parties were and such evidence creates a question of fact, which must be resolved by the jury"). There is no extrinsic evidence in the record as to the intent of Billion and Charter Oak, and therefore, summary judgment on their intentions would be error. Plaintiff's motion for partial summary judgment on coverage based on alleged ambiguity must be denied.

Lastly, Charter Oak is the only Defendant with a contractual relationship with Billion, and it is the only entity that agreed to provide coverage under the Billion Policy. *See supra*. Therefore, Plaintiff's motion for partial summary judgment must be denied

against all Defendants other than Charter Oak regardless of whether Plaintiff is entitled to Auto Medical Payments coverage.

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that all claims in Plaintiff's Complaint fail as a matter of law, and request that they be dismissed in their entirety. Defendants further, or in the alternative, request that Plaintiff's Motion for Partial Summary Judgment be Denied in its entirety.

**DATED** this 23rd day of December, 2014.   Respectfully submitted,

        By_/s/ Ryland Deinert _____
          Timothy A. Clausen
          Ryland Deinert
          KLASS LAW FIRM
          Mayfair Center, Upper Level
          4280 Sergeant Road, Suite 290
          Sioux City, Iowa  51106
          712-252-1866
          712-252-5822 *fax*

          - and -

          Michael R. Cashman  (MN #206945)
          ZELLE HOFMANN VOELBEL &
          MASON LLP
          500 Washington Avenue South
          Suite 4000
          Minneapolis, Minnesota  55415
          612-339-2020
          612-336-9100 *fax*

          ATTORNEYS FOR DEFENDANTS