**FILED**
OCT 06 2015



UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| LORI PETERSON, | * | CIV 14-4145 |
| Plaintiff, | * | |
| vs. | * | MEMORANDUM OPINION |
| | * | AND ORDER |
| THE TRAVELERS INDEMNITY CO., | * | GRANTING DEFENDANTS' |
| d/b/a Travelers; THE PHOENIX | * | MOTION TO DISMISS |
| INSURANCE COMPANY, d/b/a Travelers; | * | AND DENYING |
| THE CHARTER OAK FIRE INSURANCE | * | PLAINTIFF'S MOTION FOR |
| COMPANY, d/b/a Travelers; TRAVELERS | * | PARTIAL SUMMARY JUDGMENT |
| PROPERTY CASUALTY COMPANY | * | |
| OF AMERICA, d/b/a Travelers: | * | |
| THE TRAVELERS INDEMNITY | * | |
| COMPANY OF CONNECTICUT, | * | |
| d/b/a Travelers; THE TRAVELERS | * | |
| INDEMNITY COMPANY OF | * | |
| AMERICA, d/b/a Travelers; TRAVELERS | * | |
| CASUALTY INSURANCE COMPANY | * | |
| OF AMERICA, d/b/a Travelers; | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Before the Court are cross-motions submitted by Plaintiff Lori Peterson and Defendants (collectively, "Travelers"). Travelers has moved, pursuant to Federal Rules of Civil Procedure 12(b)(6), to dismiss the Complaint for failure to state a claim. Primarily, Travelers argues that a Commercial Policy (the Policy) issued by Defendant Charter Oak Fire Insurance Company ("Charter Oak") to Billion Empire Motors ("Billion") does not offer coverage to Peterson. Alternatively, it argues that even if the Policy does insure Peterson, she failed to notify Travelers per the Policy's requirement. In moving for summary judgment, Peterson requests the Court hold that she was an insured under the Policy and that she was not contractually obligated to notify Travelers of her claim. For the following reasons, Travelers' Motion to Dismiss is granted. Additionally, Peterson's Motion for Partial Summary Judgment is denied.

## BACKGROUND

Peterson was injured in an automobile accident in September 2008 in Minnehaha County, South Dakota. Prior to the accident, Peterson was on a trip from Custer, South Dakota and was the driver of a "loaner" vehicle, a "2006 Chrysler PT Cruiser," registered to Billion d/b/a Billion Chrysler-Jeep-Mazda. The passenger in the vehicle, Laura Dziadek, has alleged in a separate action that the accident was caused, at least in part, by Peterson's negligence. All parties have denied liability for the accident. Submissions contained in the record include an accident report that was prepared by police officers responding to the accident. It is undisputed, however, that Peterson herself did not formally notify Travelers of the accident.

At the time of the accident, Peterson had primary coverage under Progressive Northern Insurance Company in the amount of $100,000. The vehicle Peterson was operating as insured under the Policy with Charter Oak. The Policy also named various other affiliates d/b/a "Travelers". Under the Policy, Travelers agreed to provide insurance through Charter Oak as the named insurer. Based on the Policy, Peterson alleges that she is owed $5,000 in medical payments as a result of the accident involving the loaned vehicle per the "Common Policy Declarations" (the Declarations).

Charter Oak conducted an investigation after receiving notice of potential loss from Billion's broker in January 2009. Thereafter, Charter Oak contacted Peterson that same month. Charter Oak also contacted Progressive Insurance and was informed of Peterson's $100,000 policy. After Charter Oak commenced its investigation, Peterson, in February 2009, contacted a "Technical Specialist," Faith Styles (Styles), in Naperville, Illinois, to inquire about coverage under the Policy. In response, Styles informed Peterson that she was not covered under the Policy and, therefore, was not eligible for medical payments resulting from the accident. As a result, Peterson did not continue her pursuit of medical payments under the Policy until this action was filed on September 12, 2014.

## Summary Judgment

The Federal Rules of Civil Procedure provides that summary judgment shall be entered if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed.R.Civ.P. 56(a). In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

Once the moving party has met its burden, the non-moving party may not rest on the allegations of its pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson,* 477 U.S. at 257; *City of Mt. Pleasant v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273-74 (8th Cir. 1988). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### Failure to State a Claim

In considering a motion under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), cited in *Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The complaint must allege facts, which, when taken as true, raise more than a speculative right to relief. *Id.* (internal citations omitted*); Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). Although a plaintiff in defending a motion under Rule 12(b)(6) need not provide specific facts in support of its allegations, *see Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

3

(per curiam), it must include sufficient factual information to provide the grounds on which her claim rests, and to raise a right to relief above a speculative level. *Twombly*, 550 U.S. at 555–556 & n. 3. Although Federal Rule of Civil Procedure 8 may not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). What is demanded to survive a motion to dismiss is facial plausibility. *Id.* Determining whether a claim has facial plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION
### I. IS PETERSON A COVERED INSURED UNDER THE INSURANCE POLICY?

The parties agree, as they must, that since this is a federal diversity action, South Dakota substantive law applies. See *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 455 (8th Cir. 1998)("State law controls the construction of insurance policies when a federal court is exercising diversity jurisdiction.")

In addition to the pleadings, a court determining the scope of the claims against an insured may also consider where appropriate, other evidence of record. *Allied Mut. Ins. Co. v. Dakota Rose, Inc.*, 43 F.Supp.2d 1081, 1084 (D.S.D. 1999) (internal quotes omitted). A court may consider "materials that are necessarily embraced by the pleadings" without converting a motion to dismiss to summary judgment. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (internal quotations omitted). In *Hawkeye-Security Ins. Co. v. Clifford*, 366 N.W.2d 489 (S.D. 1985), the South Dakota Supreme Court explained that whenever it arguably appears from the pleadings that a claim against the insured is covered by the insurance policy, "[t]he review ends, even though the pleadings are ambiguous." 366 N.W.2d at 491. The *Hawkeye* decision went on to state, however, that a court should reach a decision on the scope of the claims against an insured after considering, "when appropriate, other record evidence," and cited cases which approved the use of evidence outside the pleadings for that very purpose. *Id.* at 492. The South Dakota Supreme Court has continued to cite this passage of *Hawkeye* and has indicated its willingness to consider appropriate evidence outside the pleadings. *See North Star Mut. Ins. Co. v. Kneen*, 484 N.W.2d 908, 912 (S.D. 1992). Moreover, this Court has considered the absence of

4

evidence outside the pleadings in determining the scope of claims against an insured. *See Crum & Forster Ins. Co. v. Pacific Employers Ins. Co.*, 907 F. Supp. 312, 314 (D.S.D. 1995). Accordingly, the Court will consider the exhibits submitted by the parties in connection to the Rule 12(b)(6) motion to dismiss.

Interpretation of an insurance contract is a question of law. *Ass Kickin Ranch, LLC, v. North Star Mut. Ins. Co.*, 822 N.W.2d 724, 726 (S.D. 2012) (quoting *De Smet Ins. Co. of S.D. v. Gibson*, 552 N.W.2d 98, 99 (S.D. 1996)). In South Dakota, "'the scope of coverage of an insurance policy is determined from the contractual intent and the objectives of the parties as expressed in the contract.'" *Id.* at 727 (quoting *St. Paul Fire & Marine Ins. Co. v. Schilling*, 520 N.W.2d 884, 887 (S.D. 1994)) (alteration omitted). When an insurer seeks to invoke an insurance policy's exclusion in order to bar a claimant from coverage, the insurer bears the burden of proving that the exclusion applies. *Id.* (quoting *Opperman v. Heritage Mut. Ins. Co.*, 566 N.W.2d 487, 489 (S.D. 1997)); *Employers Mut. Cas. Co., Inc. v. State Auto Ins.*, 623 N.W.2d 462, 464 (S.D. 2001) ("The burden of showing no duty is on the insurer."). "'An insurance contract's language must be construed according to its plain and ordinary meaning and a court cannot make a forced construction or a new contract for the parties.'" *North Star*, 822 N.W.2d at 726 (quoting *Stene v. State Farm Mut. Auto. Ins. Co.*, 583 N.W.2d 399, 402 (S.D. 1998)).

Thus, when a contract's terms are plain and unambiguous, the terms' ordinary meanings are to be applied without judicial construction. *See id.* (quoting *Am. Family Mut. Ins. v. Elliot*, 523 N.W.2d 100, 102 (S.D. 1994)). *See also Munroe v. Continental Western Ins. Co.*, 735 F.3d 783, 786 (8th Cir. 2013) ("If the policy is unambiguous, it will be enforced as written, absent statutory or policy considerations."). On the other hand, when contract provisions are ambiguous, the interpretation favoring coverage for the claimant is to be adopted. *North Star*, 822 N.W.2d at 726 (quoting *Nat'l Sun Indus., Inc. v. S.D. Farm Bureau Ins. Co.*, 596 N.W.2d 45, 48 (S.D. 1999)). In order to be found ambiguous, the contract language must be fairly susceptible to different interpretations and "'[t]he fact that the parties differ as to the contract's interpretation does not create an ambiguity.'" *Id.* (quoting *Zochert v. Nat'l Farmer Union Prop. & Cas. Co.*, 576 N.W.2d 531, 532 (S.D. 1998)). Finally, contract provisions

should not be interpreted independent of one another. Instead, a contract should be read as a whole and courts should endeavor to give effect to all the contract's terms, "avoiding an interpretation that renders some provisions useless or redundant." *Munroe*, 735 F.3d at 787. *See Reisig v. Allstate Ins. Co.*, 645 N.W.2d 544, 550 (Neb. 2002) (citing *Johnson Lakes Dev. v. Central Neb. Pub. Power*, 576 N.W.2d 806 (Neb. 1998)) ("The contract must be construed as a whole, and if possible, effect must be given to every part thereof.").

Both Peterson and Travelers maintain that the plain language of the insurance policy favors their respective positions. Peterson argues that the plain language calls for coverage and Travelers argues the converse. The Declarations of the Policy lists "Billion Empire Motor's Inc." as the "Named Insured." Doc. 20-1 at 2. An Endorsement page lists further other Billion "Named Insureds." *Id.* at 6. Next, the "Coverage Part Declarations" page lists various coverage areas that may or may not be covered by the Policy. Whether or not a coverage area is covered by the Policy is designated by a "Covered Auto Symbol," which is simply a number that corresponds with a type of vehicle or "auto." Specifically, "Item Two" of the Coverage Part Declarations states in part, "Insurance only applies to a coverage for which a Covered Auto Symbol is shown. Coverage applies only to those 'autos' shown as covered 'autos' by entry of one or more of the symbols from Section I – COVERED AUTO of the Garage Coverage Form." *Id.* at 9 (emphasis in original). Listed among four coverage areas is the category "Medical Payments." Unlike the three other coverage areas, there is no "Covered Auto Symbol" shown next to "Medical Payments," which indicates that the Policy does not include that coverage area for any "autos." Further down from the Coverage Part Declarations is the "Garage Coverage Form", *see id.* at 24, which contains the definitions of many of the words and phrases contained in the Policy, as well as delineates many of the Policy's conditions and exclusions.

Part A.1.a. of the Coverage Part Declarations states, "We will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies caused by an 'accident' and resulting from 'garage operations' other than the ownership, maintenance or use of covered 'autos'". *Id.* at 26. Part A.3.a. of the Coverage Part Declarations lists the persons insured

under the Policy. Among those insured includes "You for any covered 'auto.'" *Id.* at 27. The parties agree that "You" refers to Billion, the named insured. Doc. 20-1 at 25. *See Progressive N. Ins. Co. v. Argonaut Ins. Co.*, 20 A.3d 977, 982 (N.H. 2011) (finding that "You" refers to the "Named Insured" contained in the Declarations of an insurance policy). The Garage Coverage Form also lists as insured, "Anyone else while using with your permission a covered 'auto' you own, hire or borrow[.] Doc. 20-1 at 27. Among those excluded from this "anyone else" category is "Your customers." An exception to the exclusion exists, however, for customers who have "no other available insurance" or whose insurance falls short of "the compulsory or financial responsibility law limits[.]"*Id.* at 27-28. No exception similar to the uninsured and underinsured customer provision is made for medical payments for customers. Thus, in order for Peterson to be covered by the Policy, an Endorsement must exist that provides her coverage. The Policy contains two Endorsements that Peterson arguably falls under. The first is the "Garage Locations and Operations Medical Payments Coverage" Endorsement. *See id.* at 54. The second is the "Auto Medical Payments Coverage" Endorsement. *See id.* at 55. Each will be discussed in turn.

First to be discussed is the "Garage Locations and Operations Medical Payments Coverage" Endorsement ("Garage Endorsement"). The top line of the Garage Endorsement states, "THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY." *Id.* at 54 (emphasis in original). Below the opening line, it is explained, "This endorsement modifies insurance provided under the following[.]" *Id.* The only coverage form listed as modified by the Garage Endorsement is the Garage Coverage Form. *Id.* The Garage Endorsement continues, "With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement." *Id.* Thus, the conditions and exclusions detailed within the Garage Coverage Form control unless specifically changed by the Garage Endorsement. Travelers argues that because there is no covered auto symbol in the Declarations for medical payments, the Policy does not offer coverage. In opposition, Peterson argues that including the Garage Endorsement in the Policy obviates the necessity that the Declarations include a covered auto symbol in order for medical payments to apply. The Garage Endorsement states that the Garage Coverage Form applies unless modified by the Garage Locations and Operations Medical Payment Coverage Endorsement. The Garage Locations Endorsement does not provide any coverage for Peterson

7

because B. Exclusions states "This insurance does not apply to: 1. 'Bodily injury' resulting from the maintenance or use of any 'auto'." Part C., Limit of Insurance shows that "bodily injury" is the medical payments coverage. As a result, the Garage Locations Endorsement does not provide coverage for Peterson.

Next is the "Auto Medical Payments Coverage" Endorsement. Analogous to the Garage Endorsement, the top line of the Auto Medical Payments Coverage states, "THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY." Doc. 20-1 at 55 (emphasis in original). Several coverage forms are listed as modified by the Auto Medical Payments Coverage, including the Garage Coverage Form. *Id.* As with the Garage Endorsement, the Auto Medical Payments Coverage states, "With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement." *Id.* Thus, the conditions and exclusions detailed within the Garage Coverage Form control unless specifically changed by the Auto Medical Payments Coverage. Part A. of the Auto Medical Payments Coverage states that coverage under the Auto Medical Payments Coverage includes "reasonable expenses incurred for necessary medical and funeral services to or for an "insured" who sustains "bodily injury" caused by an "accident." *Id.* Part B. then states "Who Is An Insured" under the Auto Medical Payments Coverage. Included in Part B. is:

> 1. You while "occupying" or, while a pedestrian, when struck by any "auto".
> 2. If you are an individual, any "family member" while "occupying" or, while a pedestrian, when struck by any "auto".
> 3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.

The Auto Medical Payments Coverage Endorsement must be examined for coverage. None of the Exclusions under part C apply. B.1. provides no coverage as this was a one car accident, not being struck by another auto. The possibility of coverage arises under part B.3. of "Who Is An Insured". Peterson is with the first sentence of B.3. in that she was "occupying" a "covered auto". However, the covered auto was not "out of service because of its breakdown, repair, servicing or destruction." The damages to the loaned vehicle and the injury necessitating medical care for Peterson did not happen until

8

the one vehicle accident. Prior to the accident the covered auto was not out of service because of its breakdown, repair, servicing, loss or destruction. It is a condition precedent to being an insured that the covered auto be out of service. The covered auto did not go out of service until the accident. Whatever bodily injury Peterson would have received would have been contemporaneous with whatever unalleged damage the covered auto presumably received.[1]  Therefore, there is no medical payment coverage provided for Peterson and Defendants' Motion to Dismiss is granted. Plaintiff's Motion for Partial Summary Judgment is denied. The case is dismissed with prejudice. Accordingly,

IT IS ORDERED:

1. That Plaintiff's Motion for Partial Summary Judgment, Doc. 19, is denied.

2. That Defendants' Motion to Dismiss, Doc. 14, is granted.

3. That Plaintiff's Complaint is dismissed with prejudice.

Dated this 6th day of October, 2015.

BY THE COURT:

*/s/ Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: */s/ Jennifer Stevens*
DEPUTY

---

[1] If, for example, the covered auto had broken down and was sitting along the road because of the breakdown, and got hit with its occupant being injured, there would be medical payment coverage.

9