

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| LORI PETERSON, | \* | CIV 14-4145 |
| Plaintiff, | \* | |
| vs. | \* | |
| THE TRAVELERS INDEMNITY CO., d/b/a Travelers; THE PHOENIX INSURANCE COMPANY, d/b/a Travelers; THE CHARTER OAK FIRE INSURANCE COMPANY, d/b/a Travelers; TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, d/b/a Travelers: THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, d/b/a Travelers; THE TRAVELERS INDEMNITY COMPANY OF AMERICA, d/b/a Travelers; TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, d/b/a Travelers; | \* | ORDER |
| Defendants. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff objected to the Court's Memorandum Opinion and moved the Court to reconsider or, in the alternative, to amend the Complaint. The Court then said it would consider Plaintiff's Motion to Reconsider. The parties have now made additional filings for the consideration of the Court.

Motions for Reconsideration are usually considered to be made under FED. R. CIV. P. 59(e) or FED. R. CIV. P. 60(b). In any event, Motions for Reconsideration are an extraordinary remedy. *In Re Design Classics, Inc.*, 788 F.2d 1384 (8th Cir. 1986).

To begin with, Plaintiff has not shown any basis for extraordinary remedy. The Plaintiff's claim, which the Court already adjudicated, was for Auto Medical Payments coverage and nothing else. Plaintiff now seeks to amend her Complaint to allege new legal issues not previously raised.

The Court will not consider new issues raised in a Rule 59(e) Motion. *Ray E. Friedman & Co. v. Jenkins*, 824 F.2d 657, (8th Cir. 1987)  In addition, there has been no showing of "mistake, inadvertence, surprise, or excusable neglect" that would warrant relief from judgment under FED. R. CIV. P. 60(b).

Plaintiff claims that she did previously ask for relief to amend the Complaint.  As a basis for that claim, the Plaintiff quotes from Doc. 22:

> If Lori's Complaint is insufficient in any way, the proper remedy is to permit her an opportunity to amend her claims, rather than the outright dismissal of her case. She asks the Court for leave to amend, if any of her claims are lacking.

It is not the Court's role to advise a party if the Complaint is sufficient or not.  That is counsel's obligation in preparing a complaint based upon the facts of the case.

A Motion to Reconsider as well as Rules 59 and 60(b) are not a basis for a separate round of litigation on a new theory that was never pled or briefed prior to the Court entering its Memorandum decision.  Accordingly,

IT IS ORDERED that Doc. 33, Plaintiff's Objections to Order; Motions to Reconsider; and Motion to Amend, is denied.

Dated this 24th day of November, 2015.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

By Summer Wahford
    Deputy